## Burnham, Adm'r, *v.* Ayer.

In *assumpsit* for money had and received, the plaintiff produced a mortgage of personal property to his intestate, purporting to be signed by the defendant ; on the back of which was the usual affidavit, of the genuineness of the debt set forth in the mortgage.   He proved the hand writing of the signature to the mortgage, and also to the affidavit, but did not produce the witness to the execution of the mortgage. — *Held*, that, upon the issue of *non assumpsit*, the evidence was competent.

If a witness has any knowledge of the hand writing of a person, which has been derived from seeing him write, or from seeing his writings or signatures on papers that have been recognized by him as genuine, or from an intimate acquaintance with his signatures, which have been adopted into ordinary business transactions, he may give his opinion of the hand writing.   But it must appear that he has some such knowledge before he can be permitted to testify to his opinion.

ASSUMPSIT, for money had and received, and money paid. Plea, the general issue and set-off.

The plaintiff's specification contained one item of $500 cash.

As evidence tending to prove it, he offered a mortgage of personal property from the defendant to the plaintiff's intestate, dated February 1, 1850, and the defendant's affidavit on the back of the mortgage. There were separate affidavits of the mortgagor and mortgagee on the back of the mortgage, in the form required by the statute. He proved the defendant's signature to the affidavit. There were subscribing witnesses to the mortgage, which he did not call, but proved the defendant's signature to the mortgage by the same witness who testified to his signature to the affidavit.

The court allowed the affidavit and mortgage to be read in evidence, to which the defendant excepted, because the subscribing witnesses to the mortgage were not called.

In the course of the trial the defendant offered a receipt, purporting to be signed by the said White. The signature was disputed; and to prove it the defendant offered a witness, who testified that he knew White twenty years; had seen him write; had seen his hand; could not say as he could tell it; had seen him write half a dozen times; used to have some recollection of his hand; could not say as he could form an opinion of his hand; but, being pressed on a moderate cross-examination, said he rather thought he could. The witness was excluded by the court. The defendant excepted.

The jury found a verdict for the plaintiff, and the defendant moves to set it aside, and for a new trial.

*Stickney* and *Marston*, for the plaintiff.

*Wells*, for the defendant.

EASTMAN, J. This action was brought to recover $500, money had and received by the defendant of the plaintiff's intes-

tate, and the first question before the court and jury was, whether the amount was due, as alleged.

The receipt of money may be shown in various ways. A bond, promissory note, and accountable receipt, are all evidences of indebtedness, to the amount specified therein. So, also, a book of accounts, with small charges of cash below $6.67, may be evidence, when sustained by the oath of the party. Or the indebtedness may be proved by a witness who saw the money delivered, or by an acknowledgement, either verbal or written, of having received it.

If, then, the plaintiff's evidence upon this point had consisted simply of a written statement on the back of the mortgage, signed by the defendant, saying that the sum mentioned in the paper or mortgage was due from him to the intestate, it would have been competent, if uncontradicted, to sustain an action for money had and received, to that amount. It would have been an admission of indebtedness to that extent; and the fact that he should add an oath to the statement, saying that it was "a debt honestly due and owing," ought not certainly to weaken its force.

It was not, therefore, necessary for the plaintiff to go any further, in the first instance, than to prove the signature to the affidavit. He was not seeking to enforce the mortgage, and its due execution, so as to be a lien upon the property, was not a question before the jury. Consequently it was not incumbent on him to call the witness to its execution. Proof of the affidavit, uncontradicted, was sufficient to show the receipt of the money, and a liability to that extent.

The other point presented by the case appears to be equally plain. As a general rule, the opinions of witnesses are not competent to be given in evidence, and it is only in a few excepted cases that they are receivable. One of these exceptions is that of proving the hand writing of a person or party.

If a witness has any knowledge of the hand writing of the person in question, which has been derived from seeing him write, though it be but once, he may give his opinion as to the genuine-

Burnham v. Ayer.

ness of the signature or writing in dispute. And if his knowledge has been derived from having seen general signatures, or writings of the person, either in transacting business with him, so that the papers have been acted upon and recognized by him as genuine, or by an intimate acquaintance with signatures which have been adopted into the ordinary business transactions of life, he may give his opinion of the hand writing. *Bowman* v. *Sanborn*, 5 Foster (25 N. H.) 87 ; *Hoit* v. *Moulton*, 1 Foster (21 N. H.) 586 ; *Wiggin* v. *Plumer*, 11 Foster (31 N. H.) 251 ; *State* v. *Carr*, 5 N. H. 367.

It is the belief or opinion of the witness, founded upon knowledge, that is admissible. The hand writing is to be proved or disproved by this opinion, and unless the witness is able to give an opinion, his testimony is incompetent.

The witness in this case appears to have had the means of knowledge sufficient to have formed an opinion, but those means had made very little if any impression upon his mind, and when brought to the point of giving an opinion he failed to do it. The fact that he had seen White write, and had also seen his hand writing, was immaterial, unless it had fixed such an impress upon the mind and recollection as to enable him to express an opinion as to the genuineness of the signature in question. Nothing but his belief or opinion was competent as proof of the signature. *Wiggin* v. *Plumer*, 11 Foster (31 N. H.) 270.

The witness seems to have had nothing more than a vague, indistinct impression in regard to the matter, and we think the court below was quite right in excluding him.

*Judgment on the verdict.*